JOSEPH HEWETT *versus* EPHRAIM BOWLEY & al.

Where this and several other suits were referred to the same referees by separate rules of reference, without including any other matter, in all which the plaintiff was a party, but one of the defendants was not a party in any but this; and the referees met and heard all the cases at the same time, and the parties agreed, that the testimony of the numerous witnesses might be considered as applicable to each suit; and the referees, in making their separate reports, included their own charges for services in all the suits and all the other expenses of the references in their report as costs of this suit, and no part thereof in either of the other suits; *it was holden,* that the referees had exceeded their authority in including expenses incurred in other suits, and that the report, therefore, could not be accepted; but that although the referees erred in judgment, yet as it did not appear that they were influenced by any improper motives, the report should be re-committed, under the authority given by the statute 1845, c. 168.

At the May Term in this county, 1847, the counsel for the respective parties agreed to argue this case in writing. The following opinion of the court was read at the May Term, 1848, by SHEPLEY J. When the opinion was sent to the Reporter, he was informed, that the reason for the want of any other papers, was — that the copies of the case, with the extended written arguments of the counsel, were sent with an opinion, as first drawn by him, to the other Judges for their examination; and that the same had been mislaid, and could

not be found.   This opinion was then prepared by the same Judge from his original rough draft of the opinion first prepared.

*Ruggles* and *Lowell*, for the plaintiff.

*E. Smith*, for the defendants.

SHEPLEY J. — A report made by referees, was presented to the district court, which was refused acceptance, and the case is presented on exceptions.   It appears that the plaintiff and Isaac Caswell, one of the defendants, each claimed to be the owner of a tract of land in the town of Hope.   Caswell claimed to be the owner by a deed of conveyance made to him by the other defendant, Bowley, containing covenants of warranty. He had commenced two suits, one against the plaintiff and the other against the plaintiff and other persons, to recover damages for trespasses alleged to have been committed on that tract of land.   The plaintiff had also commenced two suits against Caswell, to recover damages for trespasses alleged to have been committed by him on the same tract of land.   He had also filed a bill in equity in relation to the same controversy.   These suits were pending in the county of Waldo and were referred there to the same referees.   The suit, in which the report was presented and its acceptance refused, was an action of trespass *de bonis asportatis,* to recover damages for wood cut and carried away from the same tract of land, and which had been referred to the same referees.   Each action had been referred by a separate rule of reference without including any other matter.   The referees met to consider and decide upon the rights of the parties in all the suits at the same time ; and the parties agreed that the testimony of the numerous witnesses might be considered as applicable to each suit.   Bowley, one of these defendants, was not a party, either as plaintiff or defendant, in any other suit, than that, in which this report was made.

The referees included compensation for their services in all the suits, and the incidental expenses incurred in all of them, and the fees of all the witnesses, who testified in relation to

the title to the tract of land, in their report made in this suit.

It is insisted in defence, that they thereby exceeded their authority. While this is denied on the part of the plaintiff, it is contended, that it was done by the agreement of the counsel of the respective parties. The referees were examined in the district court and their testimony respecting their proceedings is presented.

Samuel G. Adams, one of them, says he "should think as much as five or six days in all was appropriated to No. 1 and 2." "In actions No. 1 and 2 the witnesses were about forty." These were some of the other suits.

It is said, that the whole amount, charged by the referees for their services in all the suits, might be properly included in their report made in this suit, because this suit was under consideration, during the whole time of their session. By the reference of this action only, the referees would not be authorized to include in their award any damages or costs, which did not appertain to it. They might, with as much right and propriety, include in their award damages which arose in another suit, as costs, which accrued in another suit. The Court must, upon the facts presented, come to the conclusion, that the referees charged for their services in five other suits in this suit, and included the amount so charged in their award made in this suit, for no compensation for their services appears to have been charged and included in their reports made in those suits, while compensation for the whole time of their session, was included in their report made in this suit. It is insisted, that this was done by the agreement of the counsel. The testimony presented as coming from the referees does not exhibit any language used by the counsel authorizing such a conclusion. The referees say, that they understood from what was said, that they were authorized to do so, but parties cannot and should not be bound by their understanding without proof, that something was said, which would properly authorize them to conclude, that such an agreement had been made. Again it is said, that Bowley, as the grantor of Caswell with cove-

nants of warranty, was active and interested in the defence of the suits against him, and that all the expenses incurred in those suits might therefore be justly included in the report made in the suit in which he was a party. But the referees were not clothed with any authority, to decide upon his liability to his grantee, on those covenants. His liability on those covenants would not constitute any proper ground of charge against him in any of the suits.

The reports in those suits, in which no compensation for the services of the referees was charged, have been accepted; and it is urged, that the plaintiff must suffer loss, if their compensation for services rendered in all the suits be not recovered in this suit. The powers granted to the referees by the rule of reference in this suit, cannot be enlarged by their omission to include in their reports in other suits expenses incurred in them.

The plaintiff cannot justly complain, if he should suffer loss, for the acceptance of the reports, made in the other suits was urged by him under circumstances, in which it was clearly perceived, that their whole compensation might not be legally recoverable in this suit.

While the referees erred in judgment and exceeded their authority, by including in their report expenses incurred in other suits, it is not perceived, that they were influenced by any improper motives.

The Court has, by the act, approved on April 7, 1845, c. 168, a discretionary power to reject, accept, or re-commit, the report, and while the exceptions are overruled, the report is re-committed.